235 A.2d 876.

ALBAN BISSON *vs.* JESSE JOSEPH.

NOVEMBER 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The sole question before us on this appeal is whether the trial justice erred in denying the plaintiff's motion to file an amended complaint.

This action of trespass on the case for negligence to recover property damages was commenced by writ dated September 25, 1957. After service thereof, the writ and a one-count declaration were filed in the superior court on December 27, 1957. The declaration alleged that on June 15, 1955, the plaintiff's airplane, while being operated by the defendant, was badly damaged as a result of the defendant's negligent operation thereof. The declaration also alleged "That the defendant did on said date take the said airplane, without the permission of the plaintiff, and for the defendant's own use and benefit * * *."

On January 17, 1958, the superior court granted defendant's motion to strike the above-quoted words; an order to that effect was entered and plaintiff was given fifteen days within which to file a new declaration omitting the words stricken. By agreement of the parties, the amended one-count declaration was filed on January 12, 1962. It alleged negligence but omitted the above-quoted words. On February 1, 1963, defendant's demurrer to the amended declaration was sustained by the superior court and plaintiff was granted leave to file a second amended declaration.

On February 18, 1963, a second amended one-count declaration was filed. This declaration also alleged negligence by defendant, but, in addition, it contained words similar to those ordered stricken from the original declaration, namely,

> " * * * that on the day aforesaid at the place aforesaid the said defendant did take, operate and fly the said airplane, without the assent of the plaintiff for use in and about his own pursuit * * *."

The defendant's demurrer to the second amended declaration is still pending.

On April 8, 1966, plaintiff moved to file an amended complaint for the purpose of adding a count for trover and conversion based upon defendant's wrongful taking and destruction of plaintiff's airplane. This was more than four years after the alleged occurrence on June 15, 1955, and consequently under G. L. 1956, §9-1-15,[1] any claim based upon trover and conversion was barred by the statute of limitations then in force. After a hearing thereon, an order was entered by the superior court on November 18, 1966, denying plaintiff's motion to file the amended complaint. The case is before us on plaintiff's appeal from that order.

The plaintiff contends that the trial justice erred in denying his motion to file the amended complaint. He relies on the new rules of civil procedure of the superior court which became effective on January 10, 1966. The threshhold question, as we view this appeal, is whether the motion to amend was governed by the new rules, or by the law in effect prior to the effective date of such rules.

Although the original action was commenced prior to the effective date of the new rules, the motion to amend was filed after such date. After June 15, 1959, any claim based upon trover and conversion was barred by the statute of limitations then in effect. Prior to the effective date of the new rules plaintiff had no cause of action against defendant for trover and conversion of plaintiff's airplane on June 15, 1955. The real question here is whether by the adoption of the new rules it was intended to revive causes of action which had ceased to exist under the prior law. We find no language in the new rules evidencing such an intent.

Rule 86 of the new rules states:

> "These rules shall take effect on January 10, 1966. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the

---

[1]Section 9-1-15 was repealed effective January 10, 1966, by P. L. 1965, chap. 55, sec. 7.

opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

After June 15, 1959, and prior to the effective date of the new rules plaintiff could not under our decision in *McVeigh v. McCullough*, 96 R. I. 412, 192 A.2d 437,[2] amend his declaration by adding a count sounding in trover and conversion. To permit him to do so after the effective date of the new rules would work an injustice to the defendant within the qualification set forth in rule 86, and therefore we hold that under rule 86 the new rules are not applicable. On the facts of this case the motion to amend was governed by the law in effect prior to the effective date of the new rules.

As we have stated previously, under *McVeigh, supra,* the plaintiff is barred from adding a count sounding in trover and conversion. As the court said in that case at page 423, 192 A.2d 444:

" * * * Whether the amendment should be allowed is a question upon which that court is required to exercise its judicial discretion, and an amendment to a declaration should be allowed where it does not substitute a new or different cause of action from that stated in the original declaration. * * * "

The plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Vincent J. Chisholm,* for plaintiff.

*Harold H. Winsten,* for defendant.

---

[2]General laws 1956, §9-6-2 (Repealed by P. L. 1965, ch. 55, sec. 15)